**AIRWAYS THEATER, INC. and Southland Theatres, Inc., Plaintiffs,**

v.

**Phil M. CANALE, District Attorney General, et al., Defendants.**

**Civ. No. C–73–262.**

United States District Court,
W. D. Tennessee, W. D.

Nov. 19, 1973.

cludes a claim that a transfer was or would be wrongful or that a particular adverse person is the owner of or has an interest in the security."

David E. Caywood, Michael F. Pleasants, Memphis, Tenn., for plaintiffs.

James H. Allen, Asst. Dist. Atty. Gen., Memphis, Tenn., for defendant Canale.

C. Hayes Cooney, Asst. Atty. Gen., Nashville, Tenn., for defendants Pack and Dunn.

Before LIVELY, Circuit Judge, BROWN, Chief District Judge, and McRAE, District Judge.

PER CURIAM.

Plaintiffs Airways Theater, Inc. and Southland Theatres, Inc., operators of "adult" motion picture theaters in Memphis, Tennessee, challenge the constitutionality of Tennessee's obscenity statute, T.C.A. § 39–3003 through 39–3008, and Tennessee's nuisance statute, T.C.A. § 23–301 et seq. Plaintiffs seek both declaratory and injunctive relief. Jurisdiction is based on 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 2201. Since plaintiffs seek to enjoin state officers from enforcing allegedly unconstitutional statutes, a three-judge court has been convened. 28 U.S.C. § 2281.

Plaintiffs contend that the statutory definition of obscenity in § 39–3007 is vague and overbroad in the light of the requirement in Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), that the sexual conduct prohibited must be specifically defined. Plaintiffs also challenge the procedures established by the obscenity statute for obtaining temporary restraining orders or injunctions, contending that, properly construed, they allow such to be issued without a prior adversary hearing. The nuisance statute is challenged on the grounds that it is vague and overbroad and that it operates as a prior restraint without procedural safeguards.

Defendants rely on the threshold defenses that plaintiffs have not stated an actual controversy, that, as to plaintiff Southland, the existence of a criminal proceeding against it under the obscenity statute prevents the granting of any relief to it with respect to that statute, and that this Court should, applying the abstention doctrine, deny all relief to plaintiffs. Defendants further contend

that in any event, properly construed, the involved statutes are constitutional.

We conclude that plaintiffs have stated an actual controversy, but that the existence of a criminal proceeding against plaintiff Southland, together with a proper application of the abstention doctrine, preclude this Court from granting either declaratory or injunctive relief as to the obscenity statute. We do, however, hold that Tennessee's nuisance statute is unconstitutional.

## JUSTICIABILITY

We conclude that the facts alleged indicate that there is "a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality . . . ." Golden v. Zwickler, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969). It is without question that there is an actual controversy as to plaintiff Southland involving the obscenity statute since subsequent to the filing of this action, Southland was indicted in state court under that statute.[1]

Plaintiffs' other allegations also lead to the conclusion, although it is not without doubt, that there is an actual controversy as to plaintiff Southland involving the nuisance statute and as to plaintiff Airways involving both statutes in question. Plaintiffs have alleged that they are operators of "adult" motion picture theaters and that they have been exhibiting adult motion pictures and desire to continue doing so in a lawful manner. Tennessee's obscenity and nuisance[2] statutes are directed in part at such establishments. It is without dispute that defendant District Attorney General Canale made statements in the Memphis newspapers shortly before this action was filed which indicate that he intends to enforce the statutes in ques-

tion. In addition, representatives of defendant Canale have at his direction recently attended movies at the Airways Theater. Since plaintiff Southland has been enjoined under this obscenity statute prior to the filing of this action, and subsequent to such filing has been indicted, it is reasonable to conclude in the light of defendant Canale's statements and his representatives' actions that both plaintiffs have "assert[ed] a sufficiently direct threat of personal detriment," Doe v. Bolton, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973), both as to the obscenity statute and the nuisance statute.

## YOUNGER v. HARRIS

Prior to the filing of this action, as indicated, two injunctions had been issued against plaintiff Southland in the Criminal Court of Shelby County, Tennessee pursuant to T.C.A. § 39–3003. Plaintiff Southland contends, however, that since these injunctions are civil in nature, Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) does not require that we dismiss this action. We need not reach the question of whether *Younger* proscribes interference in pending state civil actions, for after examining T.C.A. § 39–3003, pursuant to which the injunctions were issued, we conclude that the issuance of injunctions under that section is a first step in a process which looks toward the submission of an indictment to the grand jury, and thus § 39–3003[3] (including that part authorizing the issuance of injunctions) should be regarded as part of a criminal process.

Thus, there having been no allegations by Southland of harassment or bad faith prosecution, *Younger, supra*, requires that this Court not grant that plaintiff injunctive relief as to the ob-

---

1. Moreover, prior to the filing of this action, two injunctions had been issued against Southland in state Criminal Court pursuant to the obscenity statute.

2. The nuisance statute was only recently amended to include lewdness and obscene or pornographic material.

3. § 39–3005 also provides for injunctions, but looks not toward ultimate submission to the grand jury; rather, upon the obtaining of a permanent injunction, it looks to the seizure and destruction of obscene material.

scenity statute and Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971) likewise precludes declaratory relief.

## ABSTENTION

█ The Supreme Court of Tennessee, as a result of the remand to it of cases by the Supreme Court of the United States, is presently considering the constitutionality of the Tennessee obscenity statute in the light of Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). Although the Tennessee statute does not describe specific prohibited sexual conduct,[4] it is possible that the Tennessee Supreme Court might give it such a limiting construction, e. g., as the Supreme Court of the United States construed a federal obscenity statute in United States v. 12 200-Ft. Reels, 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed.2d 500 n. 7 (1973). Similarly the question whether the obscenity statute, insofar as it establishes injunction procedures, can be constitutionally construed is also before the Tennessee Supreme Court. Thus, the doctrine of abstention requires that this Court refrain from granting either plaintiff injunctive or declaratory relief regarding the obscenity statute. Railroad Commission v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

## CONSTITUTIONALITY OF THE NUISANCE STATUTE

█ Since there is no Younger v. Harris or abstention problem as to either plaintiff regarding the nuisance statute,[5] we now consider the constitutionality of that statute. We conclude that the statute is unconstitutional for at least two reasons. In the first place, among the definitions of nuisance in the statute is "any place in or upon which . . . possession of any material de-

termined to be obscene or pornographic . . . [is] carried on or permitted. . . ." "Place" is defined in the statute as "any building, room, enclosure or vehicle, or separate part or portion thereof or the ground itself." Thus, possession in one's home of material determined to be obscene or pornographic would clearly make that home a nuisance subject to abatement. Under Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969), the state's power to regulate obscenity "does not extend to mere possession by the individual in the privacy of his own home." 394 U.S. at 568, 89 S.Ct. at 1250.

Secondly, the nuisance statute also provides that "[a]ll furnishings, fixtures, equipment . . . and stock, used in or in connection with the maintaining or conducting of a nuisance shall be subject to seizure, immediately upon detection by any law enforcement officer . . . ." Thus, once there is a determination of obscenity by a law enforcement officer, the seizure of the property may take place. In Roaden v. Kentucky, 413 U.S. 496, 93 S.Ct. 2796, 37 L.Ed.2d 757 (1973), the Supreme Court overturned a seizure of a film which "proceeded solely on a police officer's conclusions that the film was obscene." A magistrate had not been afforded an opportunity to "focus searchingly on the question of obscenity." 93 S.Ct. 2802, 37 L.Ed.2d 765–766. The Tennessee nuisance statute permits not only seizure of the film or other obscene material, conduct that was proscribed in *Roaden*, but also seizure of furnishings, fixtures and equipment used in connection therewith merely upon determination of obscenity by a law enforcement officer.

It results that plaintiffs' claim with respect to the unconstitutionality of the obscenity statute should be dismissed

---

4. The Tennessee obscenity statute (§ 39-3007) tracks the language of the Supreme Court in Memoirs v. Massachusetts, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966).

5. It is not contended that there are any pending state actions against either plaintiff

under the nuisance statute or that the constitutionality of that statute is challenged in any state court. Moreover, as will be seen, the statute is not subject to an interpretation that would allow it to pass constitutional muster.

without prejudice. With respect to the nuisance statute, plaintiffs are entitled to a declaration of unconstitutionality; however, they are not entitled to an injunction against enforcement of such nuisance statute since they have not shown irreparable injury. Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L. Ed.2d 444 (1967).

Since the judgment to be entered will be somewhat unusual as to its content, it is requested that the parties prepare and submit such to this Court.